# In the United States Court of Federal Claims

No. 21-776 L
Filed: May 9, 2022

|  |  |
|---|---|
| SCHELL & KAMPETER, INC., *et al.*, | ) |
|  | ) |
| *Plaintiffs*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant*. | ) |

*Meghan S. Largent*, Lewis Rice, LLC, St. Louis, MO, with whom was *Lindsay S.C. Brinton*, Lewis Rice, LLC, St. Louis, MO, *of counsel*.

*Joseph H. Kim*, United States Department of Justice, Environment & Natural Resources Division, Washington, D.C., with whom was *Todd Kim*, Assistant Attorney General, United States Department of Justice, Environment & Natural Resources Division, Washington, D.C., *of counsel*.

### OPINION AND ORDER

**MEYERS, Judge**.

Schell & Kampeter, Inc., SNK Real Property Holdings, LLC, and Sugar Creek Pet Foods own property in Osage and Miller Counties in Missouri, some of which is subject to a railroad right-of-way. They seek just compensation for the Government's alleged taking of their property when it converted the railroad right-of-way into a recreational trail. While SNK identified certain properties by their tax parcel identification numbers, it inadvertently omitted this identification for three parcels. Before SNK realized it hadn't included all the relevant tax parcel identification numbers, the statute of limitations expired. And the Government refuses to engage with SNK regarding these three parcels because the statute of limitations has expired. SNK seeks to amend the Complaint to add these tax parcel identification numbers for the three parcels it did not include in the Complaint. The Government opposes SNK's motion, arguing that the statute of limitations prohibits SNK from adding new parcel identification numbers to its Complaint because those would be new, time-barred claims. The Government's argument rests on its belief that this Court's Rule 9(i) requires SNK to specifically identify in the Complaint each parcel of property it alleges to have been taken. Because Rule 9(i) does not impose a heightened pleading standard and SNK's allegations easily satisfy the notice pleading requirements of Rule 8, SNK's proposed amendment does not implicate the statute of limitations. It is, in fact, unnecessary. In any event, the amendment would relate back to the

Complaint and thus be timely as well. Therefore, the Court grants SNK's motion to amend the Complaint.

## I.    Background

Each of the plaintiffs alleges that it owns various real property in Miller and Osage Counties, Missouri. ECF No. 1 ¶¶ 24-26. During the late 19th and early 20th centuries, a railroad[1] company established a railroad right-of-way between St. Louis and Kansas City. *Id*. ¶ 4. According to Plaintiffs, the right-of-way ran across an exclusive easement for railroad use that would extinguish if the railroad ceased using it for rail purposes. *Id*. ¶¶ 6, 19-21, 34, 36. The railroad stopped using the right-of-way long ago and the Government invoked the Trails Act to convert the right-of-way into a recreational trail.

Plaintiffs seek just compensation for the Government's alleged taking of their property resulting from the conversion of the reversionary interest in the easement. In the Complaint, each plaintiff identifies the property it alleges the Government has taken. *Id*. ¶¶ 24-26. Because only SNK brings this motion, the Court focuses only on its allegations. SNK identifies the property it claims was taken as follows:

> SNK Real Property Holdings, LLC owned land in Miller County on February 26, 2015. The [Surface Transportation Board ("STB's")] order of February 26, 2015 (Ex. 14) caused a partial taking of Schell & Kampeter's[2] land including, but not limited to, the following tax parcels (identification numbers assigned by the Miller County, Missouri assessor): 08-1.0-02-000-000-002.001, 08-1.0-02-000-000-005.002, and 08-1.0-02-000-000-001-000.

*Id.* ¶ 25.

The Parties here have engaged in preliminary discovery regarding title and liability issues. As part of this process, Plaintiffs provided all of their title information but the Government refused to discuss any parcel not specifically identified in the Complaint. Plaintiffs now seek leave to file an amended complaint pursuant to Rule 15(a)(2) of the Rules of the Court of Federal Claims ("RCFC"). ECF No. 20 at 1. Specifically, Plaintiffs seek leave to add three additional parcel identification numbers that were "inadvertently omitted from the original complaint." *Id.* The proposed Amended Complaint is otherwise identical to the original complaint. *Id.* The Government opposes amendment because it contends that SNK is trying to bring new claims after the statute of limitations has expired. ECF No. 23.

## II.    Discussion

---

[1] As in many of the rails-to-trails cases, the initial railroad's interest in the right-of-way passed to several successors in interest. Because the identity of the railroad company is irrelevant to the present motion, the Court refers simply to the "railroad."

[2] This appears to be a typographical error. Paragraph 25 addresses SNK's property, not Schell & Kampeter's.

Because SNK's motion comes more than 21 days after service of the Government's Answer and the Government opposes amendment, SNK may only amend the Complaint by leave of Court, which "[t]he court should freely give leave when justice so requires." RCFC 15(a)(2). It is well-settled that the granting of leave to amend a pleading under RCFC 15(a) is within the discretion of the trial court. *Kudu Ltd. II, Inc. v. United States*, 153 Fed. Cl. 790, 794 (2021) (citing *Meyer Grp., Ltd. v. United* States, 115 Fed. Cl. 645, 649 (2014). Absent unusual circumstances, the Court will normally grant such leave to amend. *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989) (listing reasons for denying a motion to amend as undue delay, bad faith, dilatory motive, failure to cure deficiencies, undue prejudice to nonmoving party, or futility of amendment).

The key issue before the Court is what RCFC 9(i) required SNK to plead in its Complaint. The core of the Government's opposition to amendment is its belief that RCFC 9(i) imposes a heightened pleading standard that required SNK to plead the specific parcels or real property it claims the Government took in this case. ECF No. 23 at 2. And, according to the Government, SNK's failure to do so before the statute of limitations expired renders its new "claims" as to these three parcels untimely. "Not so." *United Affiliates Corp. v. United States*, 143 Fed. Cl. 257, 263 (2019).

As Judge Wheeler explained, RCFC 9(i) does not impose a heightened pleading standard for takings claims. RCFC 9(i) simply reflects the two-part analysis that this Court will conduct when we turn to the merits to determine whether a compensable taking has occurred. First, the Court will look to see if SNK has "'identified a cognizable Fifth Amendment property interest'" that SNK claims to have been taken. *Id.* at 262 (quoting *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009)). Second, if the Court concludes SNK has identified such an interest, it will decide whether the Government did, in fact, take that property interest. *Id*. Thus, RCFC 9(i) provides that: "In pleading a claim for just compensation under the Fifth Amendment of the United States Constitution, a party must identify the specific property interest alleged to have been taken by the United States."

Properly understood, RCFC 9(i) serves "to guide a prospective plaintiff's pleading." *United Affiliates*, 143 Fed. Cl. at 263. Like other claims, a Fifth Amendment takings claim needs only to satisfy RCFC 8's notice pleading standard elucidated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, SNK "must only plead facts that, when accepted as true, show that [it] hold[s] a property interest, and that the Government took that interest." *United Affiliates*, 143 Fed. Cl. at 262. In other words, SNK needed only to plead "a basic statement of the property interests at issue." *Id.* at 263 (citing *In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, 138 Fed. Cl. 658, 669 (2018)). As Judge Lettow explained, "there is no need [in the complaint] for a plaintiff to separately identify" each piece of property it claims was taken. *In re Upstream*, 138 Fed. Cl. at 669. That is what discovery is for.

SNK pleaded that it was the owner of real property in Miller County, Missouri, on the date the Government authorized the conversion of the railroad right-of-way into a recreational trail. ECF No. 1 ¶ 25("SNK Real Property Holdings, LLC owned land in Miller County on February 26, 2015. The STB's order of February 26, 2015 . . . caused a partial taking of [SNK's] land including, but not limited to . . . ."). According to the Complaint, the right-of-way ran

3

across an easement was limited to railroad use would revert to SNK and the other Plaintiffs if the railroad ceased to use it for rail purposes. *Id*. ¶ 5. And when the Government authorized the conversion to trail use, it "invalidated these owners' Missouri state-law right to unencumbered title and exclusive possession of their land." *Id*. ¶¶ 19, 28. In short, SNK has alleged its specific property right—the unencumbered title to real property (after four decades of rails-to-trails litigation, this is unquestionably a "cognizable Fifth Amendment property interest")—that it alleged the Government took when it authorized the conversion of the railroad's right-of-way into a recreational trail. That is all that was required.

SNK pleaded its specific property interest and how the Government allegedly took it. SNK was not required to include any further specificity regarding specific parcels it claims the Government took in its Complaint. *See* ECF No. 20 at 4 (arguing that amendment is likely unnecessary). In other words, SNK clearly satisfied RCFC 8's notice pleading. And, critically, SNK alleged that the Government's taking applied to the parcels with tax identification numbers "including, *but not limited to*" those listed in paragraph 25 of the complaint. ECF No. 1 ¶ 25 (emphasis added). Therefore, the addition of additional parcels' tax identification numbers does not add claims to the Complaint, it merely adds specificity. And RCFC 15's permissive standard is easily met here.

Even if RCFC 9(i) imposed a heightened pleading standard, the proposed amendment relates back to the initial pleading and is, therefore, timely. An amended pleading relates back to and is considered to have been filed when the original pleading was filed if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." RCFC 15(c)(1)(B). Here, the inquiry is whether "the operative facts in the original complaint . . . put the government on notice." *Santana on behalf of Santana v. United States*, 155 Fed. Cl. 57, 69 (2021); *see also Fauvergue v. United States*, 85 Fed. Cl. 50, 54 (2008) (noting the relevant inquiry focuses on the notice given to the defendant by the factual assertions set forth in the original pleading). This notice-based understanding of RCFC 15 asks a court to determine "whether the general factual situation or the aggregate of operative facts underlying the original claim for relief gave notice to [the defendant] of the nature of the allegations it was being called upon to answer." *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1369-70 (Fed. Cir. 2019); *see also Snoqualmie Tribe of Indians ex rel. Skykomish Tribe of Indians v. United States*, 372 F.2d 951, 961 (Ct. Cl. 1967) (construing RCFC 15 to "permit an amended pleading to relate back where there is sufficient notice.").

SNK argues that its proposed Amended Complaint relates back to the Complaint because it does not add a new claim, the relief sought is identical in the original and amended complaint, and the facts alleged are identical in both. ECF No. 20 at 3-4. SNK further contends that the Amended Complaint seeks to "amplify and particularize" the property interest alleged in the original complaint. *Id.* at 4.[3] The Government responds that the relation back doctrine does not apply because Plaintiffs are attempting to "add new claims that are time barred by the applicable statute of limitations." ECF No. 23 at 1. The Government's argument, however, would render

---

[3] SNK also seeks to characterize the Amended Complaint as seeking to correct a "clerical mistake." ECF No. 20 at 4-5. Because the Court resolves the motion on other grounds, it does not opine on whether the omission of tax identification numbers qualifies as a clerical mistake.

the entire relation back doctrine a nullity because amendments before the expiration of the statute of limitations expire have no need to relate back to anything.  That is not the law.  *E.g.*, *State of Alaska v. United States*, 32 Fed. Cl. 689, 698 (1995) ("If an amended complaint states a claim which arises from the same conduct, transaction, or occurrence (and especially if it states the same claim arising from the same events) as set forth in the original complaint, then it must be considered timely *if the original complaint* was filed within six years from the date upon which that claim accrued.") (emphasis in original).

And the court's opinion in *State of Alaska* is instructive here.  There, the court permitted the plaintiff to file an amended complaint under the relation back doctrine for several reasons.  *Id*. at 698.  First, the amended complaint and original complaint both arose out of the same conduct, transaction, or occurrence.  *Id*.  That is true here as well.  Second, the amended and original complaints both sought just compensation for taking of property, and both complaints also sought identical relief and damages.  *Id*.  That, too, is true here as well.  Finally, the amended complaint frequently quoted the original complaint verbatim.  *Id*.  Considering these factors, the court concluded that the amended complaint was simply recharacterizing the property interest that was allegedly taken.  *Id*.  The court therefore held that the amended complaint related back to the date of the original complaint under RCFC 15(c).  *Id*.

Here, Plaintiffs' amended complaint arises out of the same conduct, transaction, and occurrence as the original complaint.  Both allege a Fifth Amendment takings claim that occurred on February 26, 2015, when the STB issued the NITU.  The amended complaint seeks the same relief as the original complaint—just compensation for the property that was allegedly taken when the Government authorized the conversion of the right-of-way into a recreational trail.  In fact, the only difference between the amended complaint and the original complaint is the addition of the three parcel identification numbers.  Accordingly, the Court can readily conclude that Plaintiffs' amended complaint simply adds specificity the claim in the original complaint.

And given the Court's resolution of the RCFC 9(i) issue, this case also fits within the holding of *Fadem v. United States*, 13 Cl. Ct. 328 (1987), which held that an amended complaint satisfies the relation back doctrine when it expands or amplifies what was alleged in the original complaint.  ECF No. 20 at 3.  In *Fadem*, the plaintiffs' original complaint alleged "that their *entire* property has been taken by the United States Government for public use."  *Fadem*, 13 Cl. Ct. at 335 (emphasis in original).  Then the plaintiffs amended their complaint to specify that, if a government resurvey of the property was valid, the Government took 43 acres of their land.  *Id*. The amendment "'merely expanded or amplified what was alleged in support of the cause of action already asserted.'"  *Id*. (quoting *Seaboard Air Line Ry. v. Renn*, 241 U.S. 290, 293 (1916)).  The court in *Fadem* concluded that the capacious language used in the original complaint, *e.g.*, "entire property," put the Government on notice of the allegations against it because "entire property" included the 43 acres omitted from the original complaint.  *Id*.  Here, Plaintiffs alleged that the STB's February 26, 2015, order "caused a partial taking of [SNK's] land *including, but not limited to*" the specified parcels.  ECF No. 1 ¶ 25 (emphasis added).  Like in *Fadem*, the language "including, but not limited to" in the original complaint put the Government on sufficient notice of the allegations against it.  The inclusion of the tax parcel identification numbers "merely expanded or amplified what was alleged in support of the cause of action already asserted."  *Fadem*, 13 Cl. Ct. at 335 (citations omitted).

5

The Court holds that although the amended complaint is unnecessary, it relates back to the original complaint because the amended complaint merely adds specificity the original claim, and because the Amended Complaint amplifies and particularizes the original pleading.  Thus, the Court grants Plaintiffs leave to file an amended complaint insofar as it seeks to add the three tax parcel identification numbers.

**III.     Conclusion**

Plaintiffs' motion to amend, ECF No. 23, is **GRANTED** and the Court orders Plaintiffs to file their amended complaint on the docket.  The Parties shall file a joint status report on or before May 16, 2022, regarding the scheduling of further proceedings in in this matter.

**IT IS SO ORDERED**.

s/ Edward H. Meyers
Edward H. Meyers,
Judge

6